IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CALVIN DEWAYNE BUTLER, ) | |
| AIS #203111, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:03-CV-274-A |
| ) | WO |
| ) | |
| BILLY MITCHEM, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Calvin Dewayne Butler ("Butler"), a state inmate, on February 28, 2003. In this petition, Butler challenges convictions for capital murder, robbery and burglary entered against him by the Circuit Court of Dale County, Alabama on February 17, 1999. On March 30, 1999, the court imposed a sentence of life imprisonment without parole for these convictions. Butler did not undertake a direct appeal and the aforementioned convictions became final by operation of law on May 11, 1999.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable

to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[1]  The respondents contend that because Butler's capital murder, robbery and burglary convictions became final in 1999 -- after the effective date of the statute of limitations -- he should have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  The respondents concede that Butler, on November 20, 2000, filed a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.  However, they argue that this petition did not toll the one-year period of limitation because Butler filed this state collateral action after expiration of the limitation period and this petition was therefore not pending as required by 28 U.S.C. § 2244(d)(2) for purposes of tolling the federal limitation period.  *Respondents' Answer* at 6; *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).  Consequently, the federal limitation period began running on May 11, 1999 and ran uninterrupted until it expired on May 11, 2000.

   In light of the argument set forth by the respondents, the court entered an order advising Butler that he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).  *See Order of April 14, 2003 - Court Doc. No. 7*.  The court allowed Butler an opportunity to show cause why his petition should not be barred from review by this court.  *Id*. at 4.  In response to the respondents' argument

---

[1]The limitation period is contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), which became effective on April 24, 1996.

that his petition is time barred, Butler acknowledges that "the present habeas corpus action is untimely" but argues that he should be allowed a tolling of the limitation period because he did not understand the manner in which the federal limitation period would be calculated. *April 14, 2003 Response of the Petitioner - Court Doc. No. 8* at 1-2.  In support of this argument, Butler maintains that the legal information he acquired and the prison law clerks on which he relied erroneously "indicate[d] that the one year statute of limitations did not begin to run until after state court post-conviction proceedings" had been completed.  *Id*. at 3.  "There was also no mention that the time between a direct appeal and the filing of the [state] post conviction petition would count towards the one year statute of limitations . . ."  *Id*.

These arguments do not entitle Butler to relief from application of the one-year period of limitation.  Consequently, upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Butler's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitation.

## II. DISCUSSION

### A. The Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 amended the habeas corpus statute to include a one-year period of limitation on petitions of state inmates filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

3

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme*

4

*Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

In accordance with the terms of a negotiated plea agreement, Butler entered a guilty plea to charges of capital murder, robbery and burglary before the Circuit Court of Dale County, Alabama on February 17, 1999. The trial court imposed a sentence of life without parole upon Butler on March 30, 1999. The petitioner did not file a direct appeal of these convictions. Since Butler chose to forego the direct appeal process, he could not petition the United States Supreme Court for review of his convictions. By operation of law, his convictions became final on May 11, 1999 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A) therefore began to run on this date.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Butler filed a Rule 32 petition, this petition was not pending during the

5

running of the limitation period as it was filed after expiration of the limitation period.[2] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Consequently, the state post-conviction petition filed by Butler in November of 2000 did not effect the running of the limitation period applicable to this federal habeas petition. *Id*.

## B. Equitable Tolling

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling

---

[2]The petitioner filed his Rule 32 petition in the state court on November 20, 2000 - over six (6) months after § 2244(d)'s one-year period of limitation expired.

applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew,* 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections,* 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

Butler argues that his failure to understand the "start and stop 'clock' of the one year statute of limitations" entitles him to equitable tolling. *April 14, 2003 Response of the Petitioner - Court Doc. No. 8* at 5. In support of this argument, the petitioner contends that his calculation of the statute of limitations depended on an interpretation of a novel legal issue which required that he interpret the provisions of § 2244(d) in the absence of clear and specific law. *Id.* However, "[a]ny miscalculation or misinterpretation by [a petitioner or his attorney] in interpreting the plain language of the statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling." *Steed*, 219 F.3d at 1300. Moreover, a petitioner's general lack of legal knowledge fails to establish a basis for equitable tolling. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990); *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989). Thus, Butler has failed to set forth the existence of "extraordinary circumstances" which prevented the filing of a timely habeas petition. *See Drew*, 297 F.3d at 1290; *Steed*, 219 F.3d at 1300. Consequently, Butler is not entitled to equitable tolling of the limitation period.

## CONCLUSION

The capital murder, robbery and burglary convictions Butler challenges in the instant federal habeas petition became final by operation of law on May 11, 1999. Under the undisputed facts and circumstances of this case, the one-year period of limitation contained in 28 U.S.C.§ 2244(d)(1) began to run on May 11, 1999 and ran uninterrupted until it expired on May 11, 2000. Butler filed this habeas action on February 28, 2003. The limitation period therefore lapsed over two years prior to the filing of this federal action. Butler has failed to demonstrate why his federal habeas petition should not be dismissed as untimely filed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Calvin Dewayne Butler be denied as it was not filed within the one-year period of limitation of 28 U.S.C. § 2244(d)(1)(A).

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before July 29, 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this  15th day of July, 2005.

                                                  **/s/ Delores R. Boyd**
                                                  DELORES R. BOYD
                                                  UNITED STATES MAGISTRATE JUDGE